EXHIBIT A



IN THE CIRCUIT COURT OF WILLIAMSON COUNTY, TENNESSEE
AT FRANKLIN

| | |
|---|---|
| MIKE CARRILLO, | ) |
| Plaintiff, | ) |
| v. | ) No. 2011-306 |
| | ) |
| TIFCO INDUSTRIES, INC., | ) Jury Demand |
| Defendant. | ) |

## COMPLAINT

Comes now Mike Carrillo, hereinafter referred to as "Carrillo", by and through counsel, and states the following in support of his Complaint against Tifco Industries, Inc., hereinafter referred to as "Tifco":

1. The Plaintiff Mike Carrillo is a resident of the State of Tennessee and resides in Williamson County, Tennessee.

2. Tifco Industries, Inc. is a Texas corporation conducting business at 21400 Northwest Freeway, Cypress, Texas 77429. Its registered agent for service of process is Robert B. Brown, and he can be served at 21400 Hempstead Hwy. also known as Northwest Freeway in Cypress, Texas 77429.

3. This action being brought by Carrillo against Tifco is based on the common law tort of retaliatory discharge as well as the statutory cause of action known as the Tennessee Public Protection Act also known as the Tennessee Whistle Blower Act and will be hereinafter referred to as "TPPA".

4. Carrillo began his employment with Tifco on February 23, 2009.

1

5. Around February of 2010 Carrillo had found out that Robert Brown, CEO of Tifco was paying Billy Filkens who was a government contractor to enter into the military procurement computer system certain Tifco information which gave Tifco an unfair advantage in getting federal government contracts awarded to them.

6. The work being done by Billy Filkens as requested by Mr. Brown was against Federal Acquisition Regulations.

7. On March 5, 2010, Carrillo met with a criminal investigation division agent of the federal government to discuss what was transpiring between Tifco, Robert Brown, Billy Filkens, and the federal government.

8. On June 1, 2010 Tifco employee Hector Mercado travelled from California and appeared unannounced at Carrillo's home in Williamson County and fired him.

9. Prior to being terminated, Carrillo had received at least two phone calls from other Tifco employees warning Carrillo that Tifco was out to get him.

10. During the month of June 2010 after being terminated, Carrillo received two specific phone calls.

11. The first was from a Tifco employee who told Carrillo that Billy Filkens had been hired by Tifco just ten days after Carrillo's termination.

12. The next call came from a Tifco employee who questioned Carrillo about what Carrillo told the criminal investigation division agent.

13. As a result of Carrillo's termination, Carrillo lost substantial income as well as other employment benefits.

## TENNESSEE'S COMMON LAW RETALIATORY DISCHARGE CLAIM

14. Carrillo was an employee of Tifco at the time that he found out about the illegal activities being conducted by Tifco. Carrillo refused to participate in and/or remain silent about these illegal activities.

15. As a result, Tifco terminated his employment. Tifco's actions in terminating Carrillo were a result of Carrillo's discussions with the Federal Government's Criminal Investigation Division, and Carrillo's unwillingness to keep silent about Tifco's criminal activities.

16. Carrillo's whistleblowing activities were a substantial factor in Tifco's decision in terminating Carrillo.

17. Furthermore, Tifco's illegal activities clearly violated the Tennessee's Public Policy against these types of illegal activities.

18. As a result of Tifco's termination of Carrillo in violation of Tennessee Common Law, Carrillo suffered damages.

## TENNESSEE PUBLIC PROTECTION ACT

19. Tifco violated the Tennessee Public Protection Act, Tenn. Code Ann. 50-1-304. Tifco did so by terminating Carrillo when Carrillo refused to participate and/or remain silent about illegal activities being conducted by Tifco. Tifco's sole purpose in terminating Carrillo was in retaliation for Carrillo's refusal to participate and/or keep silent these illegal activities.

20. As a result of Tifco's violation of the TPPA, Carrillo suffered damages.

Wherefore Carrillo prays for the following:

Case 3:11-cv-00733   Document 1-1   Filed 08/01/11   Page 4 of 9 PageID #: 9

1. That Tifco be served by process and be required to answer this lawsuit pursuant to the Tennessee Rules of Civil Procedure;

2. That a jury of six (6) try this matter; and

3. That Tifco be ordered to pay both compensatory and punitive damages as well as attorneys' fees and other costs involving this matter, and

4. That this Court award other appropriate relief deemed necessary.

Respectfully submitted,

Mark T. Freeman, Esq., (#16098)
One American Center, Suite 240
3100 West End Ave.
Nashville, Tennessee 37203
PH 615-352-8447; F 615-352-7884
Freemanlaw@comcast.net
Attorney for Plaintiff

4

## OATH

STATE OF TENNESSEE     )

COUNTY OF _____ )

I, **MIKE CARRILLO**, being first duly sworn according to law, makes oath that I have read the foregoing document and that the facts set forth therein are true according to my knowledge, information, and belief.

_____
MIKE CARRILLO

Sworn to and subscribed before me, this the 31st day of May, 2011.

_____
Notary Public

My Commission Expires: 10·21·2012



# STATE OF TENNESSEE 21ST JUDICIAL DISTRICT
## WILLIAMSON COUNTY, FRANKLIN, TENNESSEE 37064
### CIRCUIT COURT

Mike Carrillo
**PLAINTIFF**

**VERSUS**  CIVIL ACTION NO. 2011-306

TIFCO Industries, Inc.
**DEFENDANT**

## SUMMONS

To the above named Defendant: TIFCO Industries, Inc. c/o Robert B. Braun
21400 Hempstead Hwy (N.W. Freeway) Cypress TX 77429

You are summoned to appear and defend a civil action (Complaint of Divorce) filed against you in Circuit Court, Williamson County, Tennessee, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below:

ATTORNEY FOR PLAINTIFF  Mark Freeman  Phone No 615-352-8447
3100 West End Ave. #240
Nashville, TN 37203

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: May 31, 2011.

**DEBBIE McMILLAN BARRETT**
Circuit Court Clerk, Williamson County

By: Danielle Brown
Deputy Clerk

TO THE SHERIFF:

Please execute this summons and make your return hereon as provided by law.

**DEBBIE McMILLAN BARRETT**
Circuit Court Clerk, Williamson County

Received this summons for service this _____ day of _____, 20____.

If you have a disability & require assistance, please Call 615-790-5428

_____
SHERIFF

RETURN ON PERSONAL SERVICE OF SUMMONS

Case No. _____

I hereby certify and return, that on the _____ day of _____, 20__, I served this summons together with the complaint herein as follows: _____

_____

_____

_____
SHERIFF
BY: _____

I failed to serve this summons within 30 days after its issuance because: _____

_____

_____
Sheriff

RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20__ I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Case No. _____ to the defendant, _____. On the _____ day of _____, 20__ I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, 20__. Said return receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON
THIS _____ DAY OF _____, 20__.

_____
PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON
AUTHORIZED BY STATUTE TO SERVE PROCESS

_____ NOTARY PUBLIC or _____ DEPUTY CLERK

MY COMMISSION EXPIRES: _____

TO THE DEFENDANT(S):

Tennessee law provides a four thousand dollar ($4,000.00) Personal Property exemption from execution or seizure to satisfy a judgement. If a judgement should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; However, unless it is filed before the judgement becomes final, it will not be effective as to any execution of garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items or necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Pursuant to section T.C.A. 26-5l8-523.

ATTACH RETURN
RECEIPT HERE

(IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF WILLIAMSON

I, DEBBIE McMILLAN BARRETT, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

(To be completed only if copy certification required).

DEBBIE McMILLAN BARRETT, CLERK

By: _____ D.C.

Mark T. Freeman, Esq.
Attorney & Counselor at Law
One American Center, Ste 240
3100 West End Ave.
Nashville, TN 37203

U.S. POSTAGE
PAID
NASHVILLE, TN
37229
JUL 01, 11
AMOUNT
$5.79
0006 0432-15

CERTIFIED MAIL

7010 0290 0000 5147 1733

TIFCO Industries, Inc.
c/o Robert B. Brown
21400 Hempstead Hwy.
N.W. Freeway
Cypress, TX 77429