IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MIKE CARRILLO )
 )
v. ) NO. 3-11-0733
 ) JUDGE CAMPBELL
TIFCO INDUSTRIES, INC. )

MEMORANDUM

Pending before the Court is Defendant's Motion to Dismiss under Rule 12(b)(6) or, in the Alternative, to Transfer Venue (Docket No. 6). For the reasons stated herein, Defendant's Motion to Dismiss is DENIED and Defendant's Motion to Transfer Venue is GRANTED.

FACTS

Plaintiff sued his former employer, Defendant Tifco Industries, in the Circuit Court of Williamson County, Tennessee, alleging retaliatory discharge. Defendant removed the action to this Court, pursuant to 28 U.S.C. §§ 1332 and 1441, based upon diversity of citizenship of the parties.

Defendant contends that a forum selection clause in Plaintiff's employment contract prevents Plaintiff from filing this action anywhere other than Harris County, Texas. The relevant provision of the Sales Agent Agreement provides: "Venue respecting any litigation arising from this SALES AGENT AGREEMENT and/or Agent's employment with TIFCO shall be properly laid only in a court of competent jurisdiction in Harris County, Texas." Docket No. 6-1, ¶ 9.

Plaintiff acknowledges the existence of the Sales Agent Agreement and the forum selection clause but argues that he "would like to be heard" on this issue. Docket No. 11. Plaintiff claims that he should be given the opportunity to participate in an evidentiary hearing and then proceeds to assert what testimony he would offer at such a hearing. *Id*. Plaintiff contends that he can establish

that the subject agreement should not be enforced as written and that there would be significant financial hardship on him should the Court move this case to Texas. *Id.* Plaintiff has filed no Affidavits or other evidence in support of these contentions, just counsel's arguments. *Id.*

MOTION TO DISMISS

Defendant first argues that this case should be dismissed for improper venue. This action was removed from state court, however, and there is only one federal venue into which a state court action may be removed. Proper venue is in the statutorily dictated district court for the district and division embracing the place where the state court action was pending. *Kerobo v. Southwestern Clean Fuels Corp.*, 285 F.3d 531 535 (6th Cir. 2002); 28 U.S.C. § 1441(a). In the case of an action removed from state court to federal court, the parties' contractual designation of forum cannot render the venue dictated by the statute "improper." *Id.* In other words, venue in this Court under these circumstances is not improper. *See also Eaton v. Meathe*, 2011 WL 1898238 at * 1 (W.D. Mich. May 18, 2011) (only one federal venue into which a state court action may be removed).

However, Defendant has moved to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted, not under Rule 12(b)(3) for improper venue. Defendant notes that courts in the Sixth Circuit have held that a motion to dismiss under Rule 12(b)(6) is a proper procedural mechanism for enforcing a forum selection clause. Other courts in this Circuit have found the opposite, however.

Defendant cites *Langley v. Prudential Mortgage Capital Co.*, LLC, 546 F.3d 365 (6th Cir. 2008) for the proposition that Rule 12(b)(6) is a proper procedural mechanism for enforcing a forum selection clause. In *Langley*, however, the court did not expressly make such a finding. The court simply remanded the action, stating that it could not rule on enforcement of the forum selection

2

clause because the defendant had not yet moved for its enforcement through either a motion to transfer venue under 28 U.S.C. § 1404(a) or a motion to dismiss under Rule 12(b)(6). *Id*. at 369. *Langley* did not involve the removal of an action from state court to federal court.

Courts are split as to whether this dicta in *Langley* is persuasive. *See Lawson Steel, Inc. v. All State Diversified Products, Inc.*, 2010 WL 5147905 at * 4 (N.D. Ohio Nov. 23, 2010) (collecting cases).[1] In *Lawson*, the court noted this split of authority among the Circuits and stated that approval of Rule 12(b)(6) as a mechanism to dismiss a case for improper venue based on a forum selection clause has been deemed a minority view. *Id*. at * 3. The *Lawson* court also noted that the Sixth Circuit has not decided this issue. *Id.* at * 4.

The U.S. District Court for the Eastern District of Tennessee recently declined to enforce a forum selection clause by way of a Rule 12(b)(6) motion. *Gouge v. Microbac Laboratories, Inc.*, 2011 WL 3876919 at * 4 (E.D. Tenn. Sept. 1, 2011). The court in *Gouge* found the analysis in *Lawson* to be persuasive. In addition, an Ohio district court found that Rule 12(b)(6) is not the proper procedural mechanism for enforcing a forum selection clause. *Ohio Learning Centers, LLC v. Sylvan Learning, Inc.*, 2010 WL 2803042 (N.D. Ohio July 14, 2010).

This Court agrees with the reasoning set forth in *Lawson* and finds that Rule 12(b)(6) is not a proper mechanism for dismissing a case on improper venue grounds*.* As noted in *Lawson*, the underlying purpose of Rule 12(b)(6), to dismiss a complaint which fails to plead sufficient facts to support a claim, is entirely different from a challenge to venue. *Lawson* at * 5. Moreover, the

---

[1] In *May v. Ticketmaster Entertainment, LLC*, 2010 WL 4024257 (M.D. Tenn. Oct. 13, 2010), the court held that *when a forum selection clause mandates exclusive jurisdiction in a state court*, a motion to dismiss to enforce the clause may be permitted under Rule 12(b)(6). *Id*. at * 4. There is no such exclusive state court jurisdiction limitation in this case, however.

standard of review for a Rule 12(b)(6) motion (accepting the pleadings as true) is different from the standard of review for a motion to dismiss based upon a forum selection clause (no requirement to accept the pleadings as true). *Id*.

Furthermore, a dismissal for failure to state a claim under Rule 12(b)(6) is a judgment on the merits, and challenges to venue generally do not cause prejudice to the merits of the non-moving party's claims. *Lawson* at * 5. Finally, the fact that there are other specific legal mechanisms for challenging venue does not support using Rule 12(b)(6) for such a purpose. Rule 12 itself provides for motions to dismiss for improper venue in another subsection. Fed. R. Civ. P. 12(b)(3). In addition, 28 U.S.C. § 1404(a) provides an appropriate vehicle for considering a forum selection clause, and the doctrine of *forum non conveniens* provides for specific challenges to venue. *Id*.

For these reasons, the Court finds that venue is proper in this Court and that Rule 12(b)(6) is not the proper mechanism for enforcing the subject forum selection clause. Defendant's Motion to Dismiss is DENIED.

## MOTION TO TRANSFER

Defendant alternatively asks that this action be transferred to the U.S. District Court for the Southern District of Texas. Even though venue is proper in this Court, Defendant may nonetheless request a discretionary transfer to another district court forum under 28 U.S.C. § 1404(a), and the Court may consider the forum selection clause in its analysis. *Kerobo*, 285 F.3d at 537. Section 1404(a) is an appropriate procedural mechanism for the transfer of cases between different districts in the federal system. *Gouge*, 2011 WL 3876919 at * 4.

4

Section 1404(a)[2] provides that, for the convenience of parties and witnesses, in the interest of justice, a court may transfer any civil action to any other district or division where it might have been brought. The Southern District of Texas is a district where this action might have been brought and is a proper venue for this action because Defendant resides there. Docket No. 1, Ex. A (Complaint), ¶ 2.

The presence of an enforceable forum selection clause is a significant factor that figures centrally in the district court's calculus on this issue. *Kerobo*, 285 F.3d at 537; *Stewart Organization, Inc. v. Ricoh Corp.*, 108 S.Ct. 2239, 2244 (1988). A forum selection clause should be upheld absent a strong showing that it should be set aside. *Wong v. Partygaming Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009).[3] The party opposing the forum selection clause bears the burden of showing that the clause should not be enforced. *Id.* The enforceability of a forum selection clause is governed by federal law. *Id.*

The Court notes initially that there is no dispute that the subject forum selection clause applies to Plaintiff's claim of retaliatory discharge in this case. Further, there is no dispute that the subject forum selection clause is mandatory - it says that venue *shall* be properly laid only in a court of competent jurisdiction in Harris County, Texas.

---

[2] A motion to transfer under this statute calls on the district court to weigh a number of case-specific factors such as the convenience of parties and witnesses. *Kerobo*, 285 F.3d at 537. The Court has discretion under Section 1404(a) to transfer cases on an individual basis by considering convenience and fairness. *Id.*

[3] Although formerly disfavored, forum selection clauses generally are enforced by modern courts unless enforcement is shown to be unfair or unreasonable. *Security Watch, Inc. v. Sentinel Systems, Inc.*, 176 F.3d 369, 374 (6th Cir. 1999).

5

When evaluating the enforceability of a forum selection clause, the Court looks to the following factors: (1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust. *Wong*, 589 F.3d at 828; *Jenkins v. Marvel*, 683 F.Supp.2d 626, 634 (E.D. Tenn. 2010).

With regard to the first factor, the party opposing enforcement of the clause must show fraud in the inclusion of that clause itself; general allegations of fraud are insufficient to invalidate a forum selection clause. *Wong*, 589 F.3d at 828; *see also J. Slagter & Son Const. Co. v. IBCS Group, Inc.*, 2011 WL 3501866 at * 4 (W.D. Mich. Aug. 10, 2011).

Under the second factor, Plaintiff must show that the alternative court would ineffectively or unfairly handle the suit. *Id*. Plaintiff has admitted that he has no reason to believe the Texas court will treat him unfairly. Docket No. 11.

As to the third factor, Plaintiff must show that enforcement of the clause would be so inconvenient such that its enforcement would be unjust or unreasonable. *Wong*, 589 F.3d at 829. This finding must be based on more than mere inconvenience of the party seeking to avoid the clause. *Id*.

Plaintiff has argued that the sales agreement at issue was induced by certain misrepresentations of Defendant. Docket No. 11. Plaintiff argues that, if given a hearing and opportunity to be heard, he would provide evidence concerning Defendant's alleged illegal conduct and certain misrepresentations by Defendant with regard to the Sales Agent Agreement. Even if Plaintiff were to provide admissible evidence of this contention, however, general allegations of

6

fraud are insufficient to invalidate a forum selection clause. Plaintiff must show fraud in the inclusion of the forum selection clause itself.[4] There is no allegation that Plaintiff did not knowingly and willingly consent to inclusion of the forum selection clause in this agreement.

Plaintiff also argues that pursuing this matter in Texas would not be financially possible and that transferring the case to Texas would result in the end of the case. Docket No. 11. Plaintiff agreed to this forum selection clause when he signed the Sales Agent Agreement, however. There is no evidence that he objected to the terms of this clause or that the specific clause was included through misrepresentation or fraud. While Plaintiff may be dissatisfied with the required litigation forum, it is part of an agreement he entered into. *See Preferred Capital, Inc. v. Associates in Urology*, 453 F.3d 718, 723-34 (6th Cir. 2006).[5]

The Court finds this forum selection clause to be enforceable and considers it to be a substantial factor in deciding whether to transfer this action to Texas. The Court must also consider the convenience of the parties and witnesses, as well as public interest factors such as systemic integrity and fairness. *Moses*, 929 F.2d at 1137 (*cited in Slagter* at * 4).

By consenting to the forum selection clause, Plaintiff has already agreed that Texas is a convenient forum. *See Slagter* at * 5. Plaintiff was certainly on notice that he could be required to

---

[4] Unless there is a showing that the alleged fraud or misrepresentation induced the party opposing a forum selection clause to agree to inclusion of *that clause* in a contract, a general claim of fraud or misrepresentation as to the entire contract does not affect the validity of the forum selection clause. *Moses v. Business Card Express*, Inc., 929 F.2d 1131, 1138 (6th Cir. 1991) (*cited in Preferred Capital, Inc. v. Associates in Urology*, 453 F.3d 718, 722 (6th Cir. 2006)).

[5] In *Wong*, the court found that, even though the plaintiffs were not sophisticated business entities with the ability to negotiate a forum and even though the required forum was the foreign jurisdiction of Gibraltar, the plaintiffs still had not carried their "heavy burden" of showing that enforcing the forum selection clause would be unjust or unreasonable. *Wong*, 589 F.3d at 829-30.

7

litigate in the Southern District of Texas, both by the forum selection clause of his contract and by the fact that his employer was located there. Plaintiff has not shown that witnesses or documents would not be available for trial in Texas. The Sale Agent Agreement provides that it shall be governed by Texas law, unless chosen otherwise by Defendant. Docket No. 6-1, ¶ 9.

The Court finds that public interest factors, such as systemic integrity and fairness, weigh in favor of enforcing this forum selection clause and transferring the case to Texas.

For all these reasons, the Court finds that, in the interests of justice, this action should be transferred, pursuant to 28 U.S.C. § 1404(a), to the U.S. District Court for the Southern District of Texas, Houston Division. Defendant's Motion to Transfer is GRANTED, and the Clerk is directed to transfer the file.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE